NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRAYAN HERNANDO PARRA-
VARGAS; ANGIE PAOLA VARGAS-
ROJAS; IAN SANTIAGO PARRA-
VARGAS; JOEL ESTEBAN PARRA-
VARGAS,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 24-7271

Agency Nos.
A240-247-303
A240-081-476
A240-081-477
A240-081-478

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2026[**]

Before: LEE, BUMATAY, and SANCHEZ, Circuit Judges.

Brayan Hernando Parra-Vargas and his family, natives and citizens of

Colombia, petition for review of the Board of Immigration Appeals' ("BIA")

decision affirming an immigration judge's ("IJ") denial of their applications for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Because the BIA expressly adopted the IJ's decision and offered its own analysis, we review both the IJ and BIA's decisions for substantial evidence. *Bondarenko v. Holder*, 733 F.3d 899, 906 (9th Cir. 2013). We deny the petition.

1. Petitioners' challenge to the denial of asylum fails. To receive asylum, an applicant must show a well-founded fear of persecution based on membership in a particular social group. 8 U.S.C. §§ 1101(a)(42), 1158(b)(l). But Petitioners failed to meaningfully challenge the IJ and BIA's dispositive findings that they did not establish past persecution or reasonable fear of future persecution; that their proposed particular social group, "people that have been targeted by terrorist groups that are not controlled by the government," was insufficiently particularized or immutable; and that there was no nexus between alleged harms and the proposed particular social group. Petitioners failed to support their contentions with "arguments and the reasons for them, with citations to the authorities and parts of the record [relied upon]." Fed. R. App. P. 28(a)(8); *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023) (applying the rule that failure to "specifically and distinctly" make an argument and support it with citations to the record results in forfeiture). They therefore forfeited essential elements of their asylum claim. *See id.* at 1023–24.

2.      Petitioners' challenge to the denial of withholding of removal also fails. Withholding requires a clear probability that, if removed, the petitioner's life or freedom would be threatened on account of membership in a particular social group. 8 U.S.C. § 1231(b)(3)(A). Once more, Petitioners failed to meaningfully challenge dispositive findings by the IJ and BIA, including rejection of their proposed social group. So they've forfeited essential elements of their withholding claim. *Rodriguez-Zuniga,* 69 F.4th at 1023–24.

3.      Lastly, Petitioners' challenge to the denial of CAT relief fails. An alien seeking protection under CAT bears the burden of establishing it is "more likely than not" he or she would be intentionally tortured by the government or with its acquiescence. 8 C.F.R. § 1208.16(c)(3). Petitioners again failed to meaningfully challenge dispositive findings. For instance, they assert in their brief that "[t]he government has acquiesced in [their] torture." But they make no legal argument, citation to authorities, or citation to the record to support this assertion. So a necessary element of Petitioners' CAT claim—government participation or acquiescence—has been forfeited. *See Rodriguez-Zuniga,* 69 F.4th at 1023.

**PETITION DENIED.**

24-7271